UNITED STATES of America, Plaintiff–Appellee,

v.

Lucio CONTRERAS–NAVARRO, also known as Julien Chapa, also known as Julien Chappa, also known as Jose Ignacio Chappa, also known as Luccio Contreras, Defendant–Appellant.

No. 06–40782
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 8, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Lucio Contreras–Navarro (Contreras) appeals the 27 month sentence imposed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He also argues that the district court erroneously characterized his prior state conviction for transportation/sale of a controlled substance as an aggravated felony, which increased his offense level by eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

Contreras's challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Contreras contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005). Contreras properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

We review Contreras's challenge to the district court's application of the Sentencing Guidelines de novo. *See United States v. Villegas*, 404 F.3d 355, 359–61 (5th Cir. 2005). As the Government concedes, Contreras's argument has merit in light of the Supreme Court's recent decision in *Lopez v. Gonzales*, —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). *See United States v. Estrada–Mendoza*, 475 F.3d 258, 259–61 (5th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 1845, 167 L.Ed.2d 340 (2007). Accordingly, Contreras's sentence is vacated, and the case is remanded for resentencing in light of *Lopez*.

the limited circumstances set forth in 5TH CIR.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.